IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NIANTIC, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No.: 19-cv-03425-JST |
| GLOBAL++, *et al.*, | ) ) ) |
| Defendants. | ) ) ) ) |

## MOTION TO QUASH SUBPOENA

Nonparty Matthew Johnson hereby moves to quash or modify the subpoena served on him by Niantic, Inc. because the subpoena fails to allow a reasonable time to comply, subjects Mr. Johnson to an undue burden, and requires Mr. Johnson to disclose a trade secret and other confidential development and commercial information. In support of this motion, Mr. Johnson states as follows.

1. On January 8, 2020, Mr. Johnson received Niantic's subpoena for documents and testimony. A true and correct copy of the subpoena is attached hereto as **Exhibit A**.

2. The subpoena states that Mr. Johnson is required to produce documents responsive to the requests in the subpoena on or before January 9, 2020.

3. The subpoena requests documents relating to a wide range of software programs and individuals.

4. Despite the subpoena's response date, Niantic's counsel represented to Mr. Johnson's counsel that Niantic would deem Mr. Johnson's compliance with the subpoena as sufficient if he produced responsive documents on or before Tuesday, January 14, 2020.

1

5.  The subpoena states that Mr. Johnson's deposition was to take place on December 17, 2019, but it also requests that Mr. Johnson contact Niantic to "arrange a mutually-agreeable time and place for your deposition testimony."

6.  Under Fed. R. Civ. P. 45(d)(3)(A), this court is required to quash or modify Niantic's subpoena because it fails to allow a reasonable time to comply and subjects Mr. Johnson to an undue burden.

7.  Under Fed. R. Civ. P. 45(d)(3)(B), this Court should also quash the subpoena because the subpoena requires Mr. Johnson to disclose "a trade secret or other confidential research, development, or commercial information."

8.  Additional reasons for quashing the subpoena are set forth in Mr. Johnson's Suggestions in Support of this motion, which are filed concurrently herewith.

WHEREFORE, nonparty Matthew Johnson respectfully requests that this Court quash or modify the subpoena Niantic, Inc. served on him and for such other relief as this Court deems appropriate.

Dated: January 14, 2020

Respectfully submitted,

/s/ *John F. Scott*
John F. Scott        MO Bar #46087MO
THE SCOTT LAW GROUP, LLC
357 North Main Street
Poplar Bluff, MO 63901
Tel.: 573-785-4688
Email: jfs@semo.net
***Attorney for Nonparty Matthew Johnson***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 14th day of January, 2020. Notice of this filing will be sent to the all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

/s/ John F. Scott

# PERKINSCOIe

3150 Porter Drive
Palo Alto, CA 94304-1212

O +1.650.838.4300
O +1.650.838.4350
PerkinsCoie.com

December 31, 2019

Julie E. Schwartz
JSchwartz@perkinscoie.com
D. +1.650.838.4490
F. +1.650.838.4690

**BY EMAIL**

Matthew Johnson
mattj8290@gmail.com

Re: *Niantic, Inc. v. Global++, et al.,*
U.S.D.C. for the Northern District of California, Case No. C19-03425-JST

Dear Mr. Johnson:

We represent plaintiff Niantic, Inc. in the above-referenced matter. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, enclosed is a subpoena for documents and for deposition testimony.

The enclosed subpoena specifies that the documents described in Attachment A must be produced by January 9, 2020. You can send these documents to us either electronically to KateSmith@perkinscoie.com or, alternatively, via hard copy to First Legal c/o Ferrell Court Services LLC, 623 State Hwy H, Sikeston, MO 63801. Our office will reimburse you for all reasonable photocopy charges associated with your compliance if you choose the hard copy method.

The enclosed subpoena also specifies that the deposition testimony will take place on January 17, 2020 at 2781 N. Westwood Blvd., Poplar Bluff, MO 63901.

If you have any questions regarding your duties with respect to this subpoena, please do not hesitate to contact me.

Very truly yours,

Julie E. Schwartz

Perkins Coie LLP


EXHIBIT A

OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

Niantic, Inc.,

V.

Global++, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 19-cv-03425-JST

TO: Matthew Johnson
972 County Road 523
Poplar Bluff, Missouri 63901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Holiday Inn, 2781 N. Westwood Blvd., Poplar Bluff, MO 63901 | 01/17/2020 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| First Legal c/o Ferrell Court Services LLC, 623 State Hwy H, Sikeston, MO 63801 | 01/09/22020 at 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Julie E. [signature]* | 12/31/2019 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Plaintiff, Niantic, Inc.
Julie Schwartz, 3150 Porter Drive, Palo Alto, California 94304-1212, JSchwartz@perkinscoie.com, (650) 838-4490

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## ATTACHMENT A

### DEFINITIONS

The following definitions apply to this subpoena.

1. "Action" means the civil action captioned *Niantic, Inc. v. Global++ et al.*, No. 3:19-cv-03425-JST, which was filed on June 14, 2019, and is now pending in the U.S. District Court for the Northern District of California.

2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make these requests for production inclusive rather than exclusive. The use of the words "include" and "including" shall be construed to mean "without limitation."

3. "Any" means one, some, or all of whatever quantity.

4. "AppHaven" means the Person or entity that offers a "next gen code signing service" and that maintains a Twitter account available at https://twitter.com/apphaven1.

5. "Cheating Program" or "Cheating Programs" includes any computer program that permits its users to perform unauthorized actions while playing Niantic's location-based augmented reality games. The term includes but is not limited to Global++ Software.

6. "Complaint" means the Complaint for Damages and Injunctive Relief filed in the Action.

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes communications, computer records, and electronically stored information.

8. "Each" shall be read as all and each.

9. "Global++" means the group of hackers and other individuals and entities that is named as a defendant in the Action and that maintained a website at https://globalplusplus.com (or https://www.globalplusplus.com), as well as all of its officers, agents, servants, and employees, and Persons acting in concert or participation with it.

10. "Global++ Software" means all versions of the computer programs marketed and distributed under the names *Potter++*, *Unite++*, *PokeGo++*, *Ingress++*, and *Ingress Prime++*, and all other names used to describe and identify materially similar programs.

11. "Person" or "Persons" include natural persons, corporations, firms, partnerships, associations (including unincorporated associations), joint ventures, trusts, and estates.

12. "POI Data" means data about points of interest in Niantic's games, such as names, descriptions, photographs, game states, and specific locations for those points of interest.

13. "Related to" shall be construed in the broadest possible sense, and shall mean without limitation and whether in whole or in part: concerning, referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless of whether the factual connection is favorable to or adverse to you.

14. "Spawn Data" means ephemeral game information about the type and attributes of game elements (such as Pokémon) appearing in specific locations in Niantic's games.

15. "You," "Your," or "Yourself" means Matthew Johnson or—if known by another name—the individual who controls or is associated with the email address mattj8290@gmail.com and who responded to legal correspondence from Niantic, Inc. on Friday, November 1, 2019.

16. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## DOCUMENT REQUESTS

1. Produce all Documents related to Global++.

2. Produce all Documents related to Global++ Software.

3. Produce all Documents related to AppHaven, including but not limited to all Documents related to the registration of the apphaven.org domain name.

4. Produce all Documents related to Ryan Hunt.

5. Produce all Documents related to Alen Hundur.

6. Produce all communications between and among You, Global++, AppHaven, Ryan Hunt, Alen Hundur, and the individual to whom You claim You "transferred [apphaven.org] to . . . long ago" per Your November 1, 2019 email.

7. Produce Documents sufficient to identify the individual to whom You claim You "transferred [apphaven.org] to . . . long ago" per Your November 1, 2019 email.

8. Produce all Documents related to all payments made or received by You or by any other Person, directly or indirectly, including any form of payment or valuable consideration, in exchange for or in relation to Global++ Software.

9. Produce all Documents related to all payments made or received by You or by any other Person, directly or indirectly, including any form of payment or valuable consideration, in exchange for or in relation to any Cheating Programs.

10. Produce all Documents related to all payments made or received by You or by any other Person, directly or indirectly, including any form of payment or valuable consideration, in exchange for or in relation to Niantic's POI Data and/or Spawn Data.

11. Produce Documents sufficient to identify all bank accounts or other financial accounts used to make or receive payments related to Global++ Software, Cheating Programs, or Niantic's POI Data and/or Spawn Data.