IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NIANTIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL++, *et al.*, <br><br> Defendants. | Case No.: 19-cv-03425-JST |

## SUGGESTIONS IN SUPPORT OF MOTION TO QUASH SUBPOENA

Niantic, Inc. served Mr. Johnson—a nonparty—with document requests and a demand for deposition testimony nearly one month *after* the subpoena's stated time for compliance. The information Niantic demands is overbroad, unduly burdensome, and protected from discovery under Rule 45. This Court should therefore quash Niantic's subpoena or, at minimum, modify it to comply with Niantic's Rule 45 obligations.

1.  **Background**

Based on a review of the Complaint and other publicly-available pleadings and motions, this case concerns software allegedly designed to augment or modify video games that Niantic created. *See* Dkt. 1 ¶ 1. Niantic asserts claims against two individuals and "Global++." *See id.* Niantic describes Global++ as an "unincorporated association," a description that the individual defendants dispute. *See id.* at ¶ 3; Dkt. 26 p. 1.

On January 8, 2020, Mr. Johnson received Niantic's subpoena for documents and testimony. A true and correct copy of the subpoena is attached hereto as **Exhibit A**. The subpoena requests documents relating to a wide range of software programs that, according to

1

Niantic, infringe its intellectual property rights. It also requests documents concerning any personal communications Mr. Johnson may have had with the individual defendants and others. The subpoena states that Mr. Johnson is required to produce documents responsive to the requests in the subpoena on or before January 9, 2020. Even though Niantic failed to serve the subpoena until nearly one month after the subpoena's response date, Niantic's counsel represented to Mr. Johnson's counsel that Niantic would deem Mr. Johnson's compliance with the subpoena as sufficient if he produced responsive documents on or before Tuesday, January 14, 2020, which is six days after the date of service.

The subpoena also demands that Mr. Johnson appear for a deposition that was to take place on December 17, 2019 or at "a mutually-agreeable time and place." The subpoena does not identify any topics for Mr. Johnson's deposition.

## 2.   Legal Standard

Rule 45 requires any "party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). It also requires "[t]he court for the district where compliance is required [to] enforce this duty."

Rule 45 states that "the court for the district where compliance is required *must* quash or modify a subpoena that . . . fails to allow a reasonable time to comply [or] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). A court may also quash a subpoena if the subpoena requires the respondent to disclose "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45 (d)(3)(B)(i).

3.  **Argument**

Rule 45 requires Niantic's quashing or modifying Niantic's subpoena its broad document requests impose an undue burden on Mr. Johnson without allowing him a reasonable time to comply. The rule also permits this Court to quash or modify Niantic's subpoena because the subpoena seeks information that the rule protects from disclosure. For these reasons, the Court should quash Niantic's subpoena or modify it to conform to Rule 45's scope.

A.  **Niantic's subpoena must be quashed or modified.**

Niantic's subpoena is unduly burdensome, and it fails to give Mr. Johnson reasonable time to comply.

(1) *Niantic's subpoena imposes an undue burden on Mr. Johnson.*

Under Rule 45, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" of disclosure and privacy. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (internal quotation marks omitted); *see also Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) ("The Federal Rules . . . afford nonparties special protection against the time and expense of complying with subpoenas."). A court should not compel a nonparty's response to a subpoena unless the subpoena's "requests are reasonable and would not unduly burden the one to whom the subpoena is directed." *Colorado Mill & Elevator Co. v. American Cyanamid Co.*, 12 F.R.D. 339, 340 (W.D. Mo. 1952). That is, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the

3

need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

Under Rule 45, a subpoena is unduly burdensome—and properly quashed—when "the cost and resources required to produce the information [sought under the subpoena] would be substantial." *In re Cantrell v. U.S. Bioservices Corp.*, No. 09-mc-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009). The same is true when "the documents requested could first be sought from the party defendants." *Id.*

Niantic's subpoena to Mr. Johnson imposes an undue burden. It seeks all Mr. Johnson's documents related to Global++ or AppHaven, communications with the individual Defendants in this action, and financial records related to vaguely-defined "Cheating Programs" which "include[] but [are] not limited to Global++ Software." The requests are unlimited as to time.

The scope of these requests is enormous. For example, Niantic seeks all documents related to AppHaven, a software program over which Mr. Johnson has never had any control. AppHaven had a presence across various social media and online communications platforms, each of which must be searched to comply with Niantic's requests, and, more importantly, to which Mr. Johnson has no more access than Niantic. Niantic's requests for communications is equally broad. The individual defendants in this case apparently operated under online pseudonyms. Mr. Johnson cannot know which of his online communications may have involved the defendants, and he would have to undertake a meticulous review of each such communication to determine the identities of other parties to the communication. And Niantic can obtain the same communications from the party-defendants themselves. *See Cantrell*, 2009 WL 1066011, at *2.

4

Mr. Johnson is an individual with a family and full-time employment. He does not retain documents pursuant to a formal policy such as those maintained by sophisticated business entities, and he employs no staff that can help him review documents for responsiveness. Mr. Johnson estimates that it would take him more than 100 hours to gather his personal documents, communications, and financial records and review them to determine what documents, if any, might be responsive. This substantial cost is beyond Rule 45's scope, and Rule 45 therefore requires it to be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A).

### (2) *Niantic's subpoena fails to allow reasonable time for compliance.*

A Court "must quash or modify a subpoena that . . . fails to allow reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Rule 45 does not state what constitutes "reasonable time to comply," but "a subpoena that allows less than 14 days between service and the date set for appearance or production generally will be quashed or modified for failing to permit an adequate time for objections or preparation for compliance . . . ." 28 Fed. Proc., L. Ed. § 65:254 (Nov. 2019 update) (*citing Donoghue v. Orange Cnty.*, 848 F.2d 926, 931 (9th Cir. 1987); *Vaughan Furniture Co. Inc. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 127 (M.D. N.C. 1994)).

Here, by the time Niantic served its subpoena, the deadline for Mr. Johnson to produce responsive documents had already passed. *See* Ex. A. Niantic's counsel stated that Mr. Johnson could have six days after service to comply, until on or before January 14, 2020. Niantic's counsel did not explain why Niantic was requiring production within 6 days. Without any such explanation, particularly given the immense burden Niantic's subpoena imposes on Mr. Johnson, the subpoena must be quashed or modified for failing "to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A); *see also* 28 Fed. Proc., L. Ed. § 65:254.

5

### B. Niantic's subpoena should also be quashed because it seeks trade secrets and other confidential information.

A court "may . . . quash or modify [a] subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(ii). "Documents may be protected if, for example, they contain information about manufacturing processes, budgeting and finance issues, testing and other matters that would not generally be released for public consumption." *Wells v. Lamplight Farms Inc.*, 298 F.R.D. 428, 435 (N.D. Iowa 2014) (internal quotation marks omitted).

That is precisely the type of information Niantic seeks here. The subpoena demands all documents relating to Global++ and AppHaven, including code and financial records. *See* Ex. A. If any such documents were within Mr. Johnson's possession, custody, or control, producing those documents would disclose how Global++ and AppHaven software operates and how that software was distributed and financed. Rule 45 does not require Mr. Johnson to make any such disclosure. *See Wells*, 298 F.R.D. at 435. This is especially true because Mr. Johnson does not control any software relating to this litigation. This Court should therefore quash Niantic's subpoena for this reason also.

### 4. Conclusion

Niantic has failed to meet its obligation to "avoid imposing undue burden or expense" on Mr. Johnson. Its subpoena also fails to give Mr. Johnson a reasonable time to comply and demands that he produce confidential information. This Court should therefore quash it or, at minimum, modify the subpoena to bring it within Rule 45's scope.

Dated: January 14, 2020

Respectfully submitted,

/s/ *John F. Scott*
John F. Scott        MO Bar #46087MO
THE SCOTT LAW GROUP, LLC
357 North Main Street
Poplar Bluff, MO 63901
Tel.: 573-785-4688
Email: jfs@semo.net
***Attorney for Nonparty Matthew Johnson***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 14th day of January, 2020. Notice of this filing will be sent to the all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

/s/ *John F. Scott*

# PERKINSCOIe

3150 Porter Drive
Palo Alto, CA 94304-1212

☏ +1.650.838.4300
✆ +1.650.838.4350
PerkinsCoie.com

December 31, 2019

Julie E. Schwartz
JSchwartz@perkinscoie.com
D. +1.650.838.4490
F. +1.650.838.4690

**BY EMAIL**

Matthew Johnson
mattj8290@gmail.com

Re: *Niantic, Inc. v. Global++, et al.*,
U.S.D.C. for the Northern District of California, Case No. C19-03425-JST

Dear Mr. Johnson:

We represent plaintiff Niantic, Inc. in the above-referenced matter. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, enclosed is a subpoena for documents and for deposition testimony.

The enclosed subpoena specifies that the documents described in Attachment A must be produced by January 9, 2020. You can send these documents to us either electronically to KateSmith@perkinscoie.com or, alternatively, via hard copy to First Legal c/o Ferrell Court Services LLC, 623 State Hwy H, Sikeston, MO 63801. Our office will reimburse you for all reasonable photocopy charges associated with your compliance if you choose the hard copy method.

The enclosed subpoena also specifies that the deposition testimony will take place on January 17, 2020 at 2781 N. Westwood Blvd., Poplar Bluff, MO 63901.

If you have any questions regarding your duties with respect to this subpoena, please do not hesitate to contact me.

Very truly yours,

*Julie E. S.*

Julie E. Schwartz

Perkins Coie LLP

**EXHIBIT A**

○AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

Niantic, Inc.,

V.

Global++, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 19-cv-03425-JST

TO: Matthew Johnson
972 County Road 523
Poplar Bluff, Missouri 63901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Holiday Inn, 2781 N. Westwood Blvd., Poplar Bluff, MO 63901 | 01/17/2020 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| First Legal c/o Ferrell Court Services LLC, 623 State Hwy H, Sikeston, MO 63801 | 01/09/22020 at 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Julie S. [signature] Plaintiff, Niantic, Inc. | 12/31/2019 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Plaintiff, Niantic, Inc.
Julie Schwartz, 3150 Porter Drive, Palo Alto, California 94304-1212, JSchwartz@perkinscoie.com, (650) 838-4490

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to this subpoena.

1. "Action" means the civil action captioned *Niantic, Inc. v. Global++ et al.*, No. 3:19-cv-03425-JST, which was filed on June 14, 2019, and is now pending in the U.S. District Court for the Northern District of California.

2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make these requests for production inclusive rather than exclusive. The use of the words "include" and "including" shall be construed to mean "without limitation."

3. "Any" means one, some, or all of whatever quantity.

4. "AppHaven" means the Person or entity that offers a "next gen code signing service" and that maintains a Twitter account available at https://twitter.com/apphaven1.

5. "Cheating Program" or "Cheating Programs" includes any computer program that permits its users to perform unauthorized actions while playing Niantic's location-based augmented reality games. The term includes but is not limited to Global++ Software.

6. "Complaint" means the Complaint for Damages and Injunctive Relief filed in the Action.

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes communications, computer records, and electronically stored information.

8. "Each" shall be read as all and each.

- 1 -

9. "Global++" means the group of hackers and other individuals and entities that is named as a defendant in the Action and that maintained a website at https://globalplusplus.com (or https://www.globalplusplus.com), as well as all of its officers, agents, servants, and employees, and Persons acting in concert or participation with it.

10. "Global++ Software" means all versions of the computer programs marketed and distributed under the names *Potter++*, *Unite++*, *PokeGo++*, *Ingress++*, and *Ingress Prime++*, and all other names used to describe and identify materially similar programs.

11. "Person" or "Persons" include natural persons, corporations, firms, partnerships, associations (including unincorporated associations), joint ventures, trusts, and estates.

12. "POI Data" means data about points of interest in Niantic's games, such as names, descriptions, photographs, game states, and specific locations for those points of interest.

13. "Related to" shall be construed in the broadest possible sense, and shall mean without limitation and whether in whole or in part: concerning, referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless of whether the factual connection is favorable to or adverse to you.

14. "Spawn Data" means ephemeral game information about the type and attributes of game elements (such as Pokémon) appearing in specific locations in Niantic's games.

15. "You," "Your," or "Yourself" means Matthew Johnson or—if known by another name—the individual who controls or is associated with the email address mattj8290@gmail.com and who responded to legal correspondence from Niantic, Inc. on Friday, November 1, 2019.

16. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## DOCUMENT REQUESTS

1. Produce all Documents related to Global++.

2. Produce all Documents related to Global++ Software.

3. Produce all Documents related to AppHaven, including but not limited to all Documents related to the registration of the apphaven.org domain name.

4. Produce all Documents related to Ryan Hunt.

5. Produce all Documents related to Alen Hundur.

6. Produce all communications between and among You, Global++, AppHaven, Ryan Hunt, Alen Hundur, and the individual to whom You claim You "transferred [apphaven.org] to . . . long ago" per Your November 1, 2019 email.

7. Produce Documents sufficient to identify the individual to whom You claim You "transferred [apphaven.org] to . . . long ago" per Your November 1, 2019 email.

- 3 -

8. Produce all Documents related to all payments made or received by You or by any other Person, directly or indirectly, including any form of payment or valuable consideration, in exchange for or in relation to Global++ Software.

9. Produce all Documents related to all payments made or received by You or by any other Person, directly or indirectly, including any form of payment or valuable consideration, in exchange for or in relation to any Cheating Programs.

10. Produce all Documents related to all payments made or received by You or by any other Person, directly or indirectly, including any form of payment or valuable consideration, in exchange for or in relation to Niantic's POI Data and/or Spawn Data.

11. Produce Documents sufficient to identify all bank accounts or other financial accounts used to make or receive payments related to Global++ Software, Cheating Programs, or Niantic's POI Data and/or Spawn Data.